IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 17-3246 MV |
| | ) | |
| **KERON LUCIOUS**, | ) | |
| | ) | |
| Defendant. | ) | |

### AMENDED PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, KERON LUCIOUS, and the Defendant's counsel, Douglas Couleur. The parties intend for this amended plea agreement to supersede all other plea agreements previously entered into by KERON LUCIOUS and the United States:

### REPRESENTATION BY COUNSEL

1.    The Defendant understands the Defendant's right to be represented by an attorney and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.    The Defendant further understands the Defendant's rights:

  a.    To be charged by indictment

  b.    to plead not guilty, or having already so pleaded, to persist in that plea;

  c.    to have a trial by jury; and

    d.    at a trial:

        1)    to confront and cross-examine adverse witnesses,

        2)    to be protected from compelled self-incrimination,

        3)    to testify and present evidence on the Defendant's own behalf, and

        4)    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The Defendant agrees to waive these rights and to plead guilty to Count 1 of the superseding information, charging a violation of 18 U.S.C. § 1594(c), that being Conspiracy to Commit Sex Trafficking as that crime is defined in 18 U.S.C. § 1591(a)(2) and (b)(2).

## SENTENCING

4.    The Defendant understands that the maximum penalty provided by law for this offense is:

    a.    imprisonment for a period of not more than life;

    b.    a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.    a term of supervised release of not less than five years and not more than life to follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.      a mandatory special penalty assessment of $100.00;

e.      a $5000 additional assessment under the Justice for Victims of Trafficking

Act of 2015, if the Court determines the defendant is not indigent, and

f.      restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that

the Court is required to consider them in determining the sentence it imposes.

6.      The parties are aware that the Court will decide whether to accept or reject this plea

agreement.   The Court may defer its decision as to acceptance or rejection until there has been an

opportunity to consider the presentence report.   Pursuant to Federal Rule of Criminal Procedure

11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw

the defendant's plea of guilty.

7.      Regardless of any other provision in this agreement, the United States reserves the

right to provide to the United States Pretrial Services and Probation Office and to the Court any

information the United States believes may be helpful to the Court, including but not limited to

information about the recommendations contained in this agreement and any relevant conduct

under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8.      If this matter proceeded to trial, the Defendant understands that the United States

would be required to prove, beyond a reasonable doubt, the following elements for violations of

the charge listed below:

Count 1: 18 U.S.C. § 1594(c), that being, Conspiracy to Commit Sex Trafficking as that

crime is defined in 18 U.S.C. § 1591(a)(2) and (b)(2).

3

*First*:          The Defendant and another person agreed, combined, or
                  confederated;

*Second*:         The Defendant acted interdependently with other persons;

*Third*:          to commit sex trafficking as that crime is defined in 18 U.S.C. §
                  1591(a)(2) and (b)(2).

## DEFENDANT'S ADMISSION OF FACTS

9.      By my signature on this plea agreement, I am acknowledging that I am pleading

guilty because I am, in fact, guilty of the offense to which I am pleading guilty.   I recognize and

accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that

if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient

to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt,

including any facts alleged in the fourth superseding indictment that increase the statutory

minimum or maximum penalties.   I specifically admit the following facts related to the charges

against me, and declare under penalty of perjury that all of these facts are true and correct:

**Between on or about April 2017 and June 2017, in Bernalillo County, in the**

**District of New Mexico, I, Keron Lucious, agreed with co-conspirators Jason**

**Jackson, Devin Perkins and Breaunna Langton to Commit Sex Trafficking as that**

**crime is defined in 18 U.S.C. § 1591(a)(2) and (b)(2). Specifically, my co-**

**conspirators and I agreed to benefit, financially or by receiving anything of value,**

**from participating in a venture engaged in the acts of recruiting, enticing,**

**harboring, maintaining, obtaining, transporting, providing, and advertising Jane**

**Doe 1, as referenced in the Superseding Criminal Information. I had a reasonable**

**opportunity to observe Jane Doe 1 on more than one occasion, and agree that the**

4

**Government could prove that Jane Doe 1 was between 14 and 18 years old in April, 2017, and June, 2017.   As part of the venture, Jane Doe 1 would be caused to engage in prostitution, which is a commercial sex act. The venture secured hotel rooms for her to use to engage in commercial sex acts. We did rent hotel rooms for the purpose of others to engage in commercial sex acts, including Jane Doe I. We also used Facebook accounts and cellular phones, which I now know operate in interstate commerce, to communicate with each other about the logistics of our sex trafficking activities, to include how the money would be split up.**

**My co-conspirators and I acted interdependently with one another. Each of us had different roles in the conspiracy, and we relied on one another to commit sex trafficking**.

9a.     The factual basis in Paragraph 9 of the Amended Plea Agreement amends and supersedes the factual basis in Document 254, Plea Agreement, and any statements made in the course of the plea proceeding on September 27, 2019, and the parties agree that no statement made in Document 254, Plea Agreement, or at the September 27, 2019, plea proceedings, shall be admissible for any purpose by or against any party.

10.     By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant is pleading guilty.   The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

<u>**RECOMMENDATIONS**</u>

11.     The United States and the Defendant recommend as follows:

a.      The Defendant and the United States have made an AGREEMENT
pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific
sentence of five (5) to twelve (12) years imprisonment is the appropriate
disposition in this case.   This agreement takes into account the
Defendant's acceptance of responsibility, with no further reduction to
occur.   The remaining components of the Defendant's sentence, including
but not limited to any fine or restitution and the length and conditions of
supervised release, shall be imposed by the Court after the presentation of
evidence and/or argument by the parties.

b.      If the Court accepts the plea agreement, it must inform the Defendant that
the agreed upon disposition will be included in the judgment, and the
Court is bound by the terms of the plea agreement once the Court accepts
the plea agreement.

### DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United
States Pretrial Services and Probation Office with truthful, accurate, and complete information.
The Defendant represents that the Defendant has complied with and will continue to comply with
this obligation.

13.     The Defendant agrees that any financial records and information provided by the
Defendant to the Probation Office, before or after sentencing, may be disclosed to the United
States Attorney's Office for use in the collection of any unpaid financial obligation.

14.     Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

15.     By signing this plea agreement, the Defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.   Furthermore, Defendant understands that if the court rejects the plea agreement, whether or not Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and Defendant shall be subject to prosecution for any federal, state, or local crime which this agreement otherwise anticipated would be dismissed or not prosecuted.

16.     The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant.   Consequently, in return for the benefit conferred on the Defendant by

entering into this agreement, the Defendant agrees not to seek a downward departure or variance

from the specific sentence of five (5) to twelve (12) years as agreed to by the parties pursuant to

Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure.   If the Defendant, in violation of

this paragraph, should nevertheless seek a downward departure or variance, including a departure

or variance from the guideline Criminal History Category, the United States shall have the right

to treat this plea agreement as null and void and to proceed to trial on all charges before the

Court.

### RESTITUTION

17.     The parties agree that, as part of the Defendant's sentence, the Court will enter an

order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

### SEX OFFENDER REGISTRATION AND NOTIFICATION

18.     The Defendant understands that by pleading guilty, the Defendant will be required

to register as a sex offender upon the Defendant's release from prison as a condition of

supervised release pursuant to 18 U.S.C. § 3583(d).   The Defendant also understands that

independent of supervised release, the Defendant will be subject to federal and state sex offender

registration requirements, and that those requirements may apply throughout the Defendant's

life.   The Defendant understands that the Defendant shall keep the Defendant's registration

current, shall notify the state sex offender registration agency or agencies of any changes to the

Defendant's name, place of residence, employment, or student status, or other relevant

information within three business days after such change.   The Defendant shall comply with

requirements to periodically verify in person the Defendant's sex offender registration

information.   The Defendant understands that the Defendant will be subject to possible federal

8

and state penalties for failure to comply with any such sex offender registration requirements.   If the Defendant resides in New Mexico following release from prison, the Defendant will be subject to the registration requirements of NMSA § 29-11A-4.   The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

       19.    As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the Defendant's registration information.   The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## WAIVER OF APPEAL RIGHTS

       20.    The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court.   The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number.   In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant

to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense

counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

21.     Provided that the Defendant fulfills the Defendant's obligations as set out above,

the United States agrees that:

     a.     Following sentencing, the United States will move to dismiss ~~the~~ ~~remaining counts in~~ the Indictment

     b.     The United States will not bring additional criminal charges against the

        Defendant arising out of the facts forming the basis of the present

        indictment.

22.     This agreement is limited to the United States Attorney's Office for the District of

New Mexico and does not bind any other federal, state, or local agencies or prosecuting

authorities.

## VOLUNTARY PLEA

23.     The Defendant agrees and represents that this plea of guilty is freely and

voluntarily made and is not the result of force, threats, or promises (other than the promises set

forth in this agreement and any addenda).   The Defendant also represents that the Defendant is

pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

24.     The Defendant agrees that if the Defendant violates any provision of this

agreement, the United States may declare this agreement null and void, and the Defendant will

thereafter be subject to prosecution for any criminal violation, including but not limited to any

10

crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

25.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $\underline{100}$ in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

26.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this _30_ day of _July_____, 2021.

FRED J. FEDERICI
Acting United States Attorney

LETITIA CARROLL SIMMS
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

11

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.


DOUGLAS COULEUR
Attorney for the Defendant


I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

KERON LUCIOUS
Defendant

12